UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN MANNEY and JOSEPH LEONARDO,
as assignees of Bassline Digital Inc.,

               Plaintiffs,

- against-

INTERGROOVE TONTRAGER VERTRIEBS GMBH,
INTERGROOVE U.S. INC., PETER MATTHIAS,
and EVA MATTHIAS,

               Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

**OPINION AND ORDER**
**10 CV 4493 (SJF)(WDW)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 28 2012 ★

LONG ISLAND OFFICE

On or about July 12, 2010, plaintiffs Steven Manney and Joseph Leonardo (collectively, "plaintiffs"), as assignees of Bassline Digital Inc. ("Bassline"), commenced an action in the Supreme Court of the State of New York, County of Nassau against defendant Intergroove Tontrager Vertriebs GMBH[1] ("Intergroove Germany"), defendants Peter Matthias and Eva Matthias (collectively, "the Matthias defendants"), and defendant Intergroove U.S. Inc. ("Intergroove U.S."), alleging claims for breach of contract; work, labor and services rendered; implied contract; unjust enrichment; and fraud in the inducement. On October 1, 2010, Intergroove Germany filed a notice of removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, removing the action to this Court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. Thereafter, plaintiffs timely moved pursuant to 28 U.S.C. § 1447(c) to remand this matter to the state court; the Matthias defendants moved to dismiss the action against them, *inter alia*,

---

[1] Intergroove Tontrager Vertriebs GmbH has since changed its name to Intergroove Media GmbH.

1

based upon plaintiffs' lack of legal capacity to sue or, in the alternative, for failure to state a cause of action; and defendant Intergroove Germany separately moved to dismiss this action, *inter alia,* based upon plaintiffs' lack of legal capacity to sue or, in the alternative, upon the ground of *forum non conveniens.* By order dated November 30, 2011, the branches of the motions of Intergroove Germany and the Matthias defendants (collectively, "defendants") seeking dismissal of this action based upon plaintiffs' lack of legal capacity to sue were granted, the action was dismissed in its entirety without prejudice, the motions were otherwise denied as moot and plaintiffs' motion for a remand was also denied as moot. Judgment was entered against plaintiffs on December 6, 2011. Plaintiffs now move pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate the judgment against them and for reconsideration of the November 30, 2011 order.[2] For the reasons set forth herein, plaintiffs' motion is denied.

---

[2] Since plaintiffs' motion for reconsideration was filed on February 28, 2012, almost three (3) months after judgment was entered against them, they cannot move for reconsideration pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, which provides that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." The requirements of Local Rule 6.3 are "narrowly construe[d]" and "strictly appl[ied]," MBIA Ins. Corp. v. Patriarch Partners VIII, LLC, 842 F. Supp. 2d 682, 716 (S.D.N.Y. 2012); Terra Securities ASA Konkursbo v. Citigroup, Inc., 820 F. Supp. 2d 558, 560 (S.D.N.Y. 2011), "so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment." MBIA Ins., 842 F. Supp. 2d at 716. "An untimely motion for reconsideration [pursuant to Local Civil Rule 6.3] is treated as a Rule 60(b) motion." Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010). As such, plaintiffs may only seek reconsideration of this Court's November 30, 2011 order and the final judgment pursuant to one (1) of the grounds set forth in Rule 60(b). To the extent plaintiffs seek reconsideration of the order and final judgment upon any ground not permitted by Rule 60(b), e.g., reconsideration of the motions for remand and to transfer this case on the ground of *forum non conveniens,* both of which were denied by the November 30, 2011 order as moot, those branches of their motion are denied.

2

I.   Discussion

Rule 60(b) provides, in relevant part, that:

> "the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);* * * or (6) any other reason that justifies relief."

Although plaintiffs' motion is premised upon Rule 60(b)(1), since they also submit new evidence that had not been presented on the original motions, their motion will also be deemed to have been brought pursuant to Rule 60(b)(2).

"The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court * * *." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotations and citation omitted). "In no circumstances, though, may a party use a Rule 60(b) motion as a substitute for an appeal * * *." Id.; see also United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2d Cir. 2009) ("[A] Rule 60 motion may not be used as a substitute for appeal and * * * a claim based on legal error alone is inadequate." (quotations and citations omitted)); Matarese v. LeFevre, 801 F.2d 98, 107 (2d Cir. 1986) (holding that the contention that the court's decision misapplied the law was inadequate for Rule 60(b) relief because "a Rule 60(b)(6) motion may not be used as a substitute for appeal.") "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the moving party demonstrates exceptional circumstances." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009) (quotations, alterations and citations omitted); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008); Employers Mut. Cas. Co. v. Key Pharmaceuticals, 75 F.3d 815, 824-25 (2d Cir. 1996). "Relief under Rule 60(b) is generally not favored * * *." Insurance Company of North America v.

3

Public Service Mutual Insurance Company, 609 F.3d 122, 131 (2d Cir. 2010) (quotations and citation omitted). "An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief * * *, nor does the failure to interpose a defense that could have been presented earlier * * *, nor does the failure to marshall all known facts in opposition to a summary judgment motion * * *." Paddington Partners v. Bouchard, 34 F.3d 1132, 1147 (2d Cir. 1994) (citations omitted); see also Westport Ins. Corp. v. Goldberger & Dubin, P.C., 255 Fed. Appx. 593, 595 (2d Cir. Nov. 29, 2007); Patel v. Lutheran Medical Center, Inc., 775 F. Supp. 592, 598 (E.D.N.Y. 1991).

In order to be entitled to relief under Rule 60(b), the evidence in support of the motion must be "highly convincing," the moving party must "show good cause for the failure to act sooner," and there must not be any "undue hardship * * * imposed on other parties." Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987); see also Feldman Law Group P.C. v. Liberty Mut. Ins. Co., 819 F. Supp. 2d 247, 266-67 (S.D.N.Y. 2011), aff'd, — Fed. Appx. —, 2012 WL 1323966 (2d Cir. Apr. 18, 2012); Dunn v. Kaladjian, 279 F.R.D. 79, 83 (E.D.N.Y. 2011). "The burden of demonstrating that the motion is justified rests with the moving party," Williams v. New York City Department of Corrections, 219 F.R.D. 78, 84 (S.D.N.Y. 2003); see also United States v. International Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001), and "[t]he strict evidentiary requirements [of Rule 60(b)] apply as well to *pro se* litigants." Jedrejcic v. Croatian Olympic Committee, 190 F.R.D. 60, 77 (E.D.N.Y. 1999); see also Williams, 219 F.R.D. at 84 ("[P]ro se litigants are not excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion." (quotations, alterations and citations omitted)); Gil v. Vogliano, 131 F.Supp.2d 486, 494 (S.D.N.Y. 2001) (accord).

4

A. Rule 60(b)(1)

Plaintiffs set forth a plethora of legal errors that they allege were committed by this Court in its November 30, 2011 order, e.g., that this Court erred, *inter alia*, (a) in finding (i) that the New York State Department of Taxation and Finance had not consented to their application for authority to do business in New York, (see, e.g. Affidavit of Joseph Leonardo ["Leonardo Aff."], at 15-19), (ii) that plaintiffs lack the capacity to maintain this action, (see, e.g. Leonardo Aff., at 5, 7), and (iii) that plaintiff's corporation entered into dissolution and expiration, (see, e.g. Leonardo Aff., at 6, 8-11); (b) in considering only a portion of Delaware state law, (see, e.g., Leonardo Aff., at 8); and (c) in applying New York Business Corporation Law § 1312(a) instead of Rule 17 of the Federal Rules of Civil Procedure, (see, e.g. Leonardo Aff., at 12-15).

Although Rule 60(b)(1) is "available for a district court to correct legal errors by the court," In re 310 Associates, 346 F.3d 31, 35 (2d Cir. 2003); see also United Airlines, 588 F.3d at 175, a motion seeking relief under Rule 60(b)(1) is not permitted "past the deadline for filing a notice of appeal * * *." In re 310 Associates, 346 F.3d at 35; see also DeSena v. Pavel, 289 Fed. Appx. 426, 429 (2d Cir. July 24, 2008); In re Texlon Corp., 596 F.2d 1092, 1100 (2d Cir. 1979); International Controls Corp. v. Vesco, 556 F.2d 665, 670 (2d Cir. 1977). "One of the reasons for not permitting Rule 60(b)(1) motions to correct court errors after the deadline for appeal is to prevent the rule from becoming a vehicle to assert an otherwise time-barred appeal." Niederland v. Chase, 425 Fed. Appx. 10, 12-13 (2d Cir. May 25, 2011).

Since the time within which plaintiffs had to file a notice of appeal of the final judgment entered December 6, 2011 expired before plaintiffs filed the instant motion, see Fed. R. App. P. 4(a) (providing that in civil cases, the notice of appeal must be filed within thirty (30) days after

5

entry of the judgment or order appealed from); 28 U.S.C. § 2107(a) (same), relief under Rule 60(b)(1) to correct the purported legal errors by this Court is unavailable. Accordingly, the branch of plaintiffs' motion seeking relief from the final judgment based upon the purported legal errors committed by this Court is denied.

Plaintiffs have also failed to demonstrate that the final judgment was based upon any other mistake, inadvertence, surprise or excusable neglect within the meaning of Rule 12(b)(1). Rather, it appears that plaintiffs deliberately chose to await this Court's decision on the underlying motions in the hope of a resolution favorable to them before seeking to retroactively restore Bassline's status as an active corporation in good standing in the State of Delaware and applying for authorization to do business in the State of New York and are now merely dissatisfied with the outcome of the litigation, which does not provide grounds for Rule 60(b)(1) relief. See, e.g. Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986) ("Mere dissatisfaction in hindsight with choices deliberately made * * * is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief.") Nor may plaintiffs rely upon their *pro se* status, or lack of legal sophistication, (see, Leonardo Aff., at 3, 8), as a basis for relief under Rule 60(b)(1). See, e.g. Mendell In Behalf of Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), aff'd, 501 U.S. 115, 111 S. Ct. 2173, 115 L. Ed. 2d 109 (1991) ("[I]gnorance of the law * * * cannot form the basis for relief under [Rule 60(b)(1)]."); Harrison v. New York City Administration for Children's Services, No. 02 Civ. 947, 2005 WL 2033378, at * 1 (S.D.N.Y. Aug. 23, 2005) (holding that the plaintiffs may not rely on their *pro se* status as a basis for relief under Rule 60(b)); American Arbitration Association, Inc. v. Defonseca, No. 93 Civ. 2424, 1997 WL 102495, at * 2 (S.D.N.Y. Mar. 6, 1997) ("[A] lack

of legal sophistication cannot form the basis of a claim of excusable neglect."); Solomon v. 318 Fashion, Inc., No. 93 Civ. 7699, 1994 WL 702008, at * 1 (S.D.N.Y. Dec. 14, 1994) ("[A] pro se [party's] unfamiliarity with the legal system or ignorance of the law [does not] constitute excusable neglect within the meaning of [Rule 60(b)(1)].") Accordingly, the branch of plaintiffs' motion seeking relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure is denied.

B. Rule 60(b)(2)

"Rule 60(b)(2) provides relief when a movant presents newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]," Insurance Company of North America, 609 F.3d at 130-31; see also Boule v. Hutton, 328 F.3d 84, 95 (2d Cir. 2003) (accord); United States ex rel. Colucci v. Beth Israel Medical Center, No. 06 Civ. 5033, 2012 WL 3577995, at * 3 (S.D.N.Y. Aug. 16, 2012) ("Rule 60(b)(2) provides for relief only where evidence existed at the time of the dispositive proceedings but was not reasonably available or discoverable at the time of final judgment."), and "that is relevant to the merits of the litigation." Boule, 328 F.3d at 95. "In order to succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is truly newly discovered or could not have been found by due diligence." Insurance Company of North America, 609 F.3d at 131 (quotations, alterations and citations omitted). "[E]vidence is not 'new' under Rule 60(b)(2) if it could have been discovered with reasonable diligence" at the time of final judgment. United States ex rel. Colucci, 2012 WL 3577995, at * 3. Thus, "[i]n order to succeed on a motion pursuant to Rule 60(b)(2), a movant must show: '(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding; (2) the movant must have been justifiably ignorant of them despite

7

due diligence; (3) the evidence must be admissible and of such importance that it probably would have changed the outcome; [and] (4) the evidence must not be merely cumulative or impeaching.'" Opals on Ice Lingerie v. Bodylines, Inc., 425 F. Supp. 2d 286, 292 (E.D.N.Y. 2004) (quoting International Brotherhood of Teamsters, 247 F.3d at 392).

The new evidence presented by plaintiffs that they did not present on the original motions is either: (a) of facts that did not exist at the time of the dispositive motions as a result of plaintiffs' own conduct, e.g., plaintiffs' reinstatement of Bassline as an active corporation in the State of Delaware, (Leonardo Aff., at 7-8 ("Immediately *following* this courts November 30, 2011 order, [plaintiffs] contacted [their] selected agent in Delaware * * * and formally retro-actively reinstated [their] corporation * * * pursuant to Delaware State Law," (emphasis added))), and application for authority to do business in the State of New York, dated February 2012; or (b) of facts that could have been discovered, with due diligence, and presented by plaintiffs on the original motion, e.g., "an original long-form Certificate of Existence of [Bassline]," (Leonardo Aff., at 1). Accordingly, relief is unavailable to plaintiffs under Rule 60(b)(2). See, e.g. Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54 (2d Cir. 1993) (finding that the district court did not abuse its discretion in denying the plaintiff's motion to vacate the judgment pursuant to Rule 60(b)(2) because there was no indication, *inter alia*, that the plaintiff could not have discovered the purported newly discovered evidence earlier).

Moreover, plaintiffs cannot obtain the equitable relief afforded by Rule 60(b) when it was their own dilatory conduct which led to the nonexistence of the "new" evidence submitted by them on this motion, i.e., they waited over thirteen (13) months from when defendants served them with their motions to dismiss the complaint, *inter alia*, on the basis that plaintiffs lacked

standing to maintain this action[3], to seek to retroactively reinstate Bassline as an active corporation in good standing in the State of Delaware and an even longer period, i.e., two (2) months from this Court's November 30, 2011 order, to seek authorization to do business in the State of New York. Had plaintiffs acted with due diligence during this litigation, the evidence they now proffer as "new" would have been available prior to final judgment being entered against them. Given the importance of the issue, i.e., plaintiffs' legal capacity to maintain this action, one would have expected plaintiffs to take all steps necessary to restore Bassline to the status of an active corporation in good standing in the State of Delaware and obtain authorization to do business in the State of New York as expeditiously as possible rather than risk dismissal of their action based upon nothing more than the hope that this Court would reject defendants' arguments and rule in their favor.

Furthermore, the "new" evidence is deficient to establish Bassline's authority to do business in New York for many of the same reasons set forth in the November 30, 2011 order, e.g., there is no evidence that the Secretary of State of the State of Delaware consented to the application as required by New York law, and because there is no indication that plaintiffs have fully complied with the requirements of New York Business Corporation Law § 1312(a). Indeed, as of March 9, 2012, approximately one (1) month after plaintiffs allegedly submitted an application for authority to do business in New York, the First Deputy Secretary of State for the State of New York certified that there was no Application for Authority for Bassline Digital, Inc. to do business in the State of New York. (Declaration of William Archer in Support of

---

[3] Plaintiff Joseph Leonardo ("Leonardo") admits that the issue of his capacity to maintain this action as an assignee of Bassline Digital, Inc. was raised in defendants' original motion papers, which was served upon plaintiffs on October 18, 2010. (Leonardo Aff., at 3).

9

[defendants'] Memorandum in Opposition to Rule 60(b) ["Archer Decl."], Ex. A).

For all of the foregoing reasons, to the extent plaintiffs seek relief from the final judgment based upon "new" evidence, that branch of their motion is denied.

C.  Rule 60(b)(6)

To the extent plaintiffs' motion can be deemed to seek relief under the catch-all provision of Rule 60(b)(6), plaintiffs have not demonstrated extraordinary circumstances justifying such relief, or that the judgment works an extreme and undue hardship upon them. Rule 60(b)(6) "is a 'grand reservoir of equitable power to do justice in a particular case[,]' * * * [b]ut that reservoir is not bottomless." Stevens, 676 F.3d at 67 (quoting Matarese, 801 F.2d at 106); see also Motorola Credit, 561 F.3d at 126 ("The discretionary relief available under Rule 60(b) is equitable.") A party seeking to avail itself of the relief under Rule 60(b)(6) must "demonstrate that extraordinary circumstances warrant relief." Stevens, 676 F.3d at 67 (internal quotations and citations omitted); see also United Airlines, 588 F.3d at 175 (holding that relief under Rule 60(b)(6) "is warranted where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship * * *."); Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) ("[The] catch-all provision of Rule 60(b)[6] allows courts to vacate judgments whenever necessary to accomplish justice, although such relief should be granted only in extraordinary circumstances.") "[A] claim that the decision was wrong * * * [is] not sufficiently extraordinary" to warrant relief under Rule 60(b)(6). United Airlines, 588 F.3d at 177; see also Green v. Phillips, 374 Fed. Appx. 86, 88-9 (2d Cir. Mar. 25, 2010) ("Mere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme

10

hardship.")

Plaintiffs' arguments indicate their mere disagreement with the final judgment and the November 30, 2011 order upon which it is based. Moreover, plaintiffs' dilatory conduct in this action, i.e., failing to seek to reinstate Bassline as an active corporation in good standing in the State of Delaware and apply for authority to do business in the State of New York until after entry of the November 30, 2011 order and/or final judgment, weighs against granting the equitable relief afforded by Rule 60(b)(6). Accordingly, plaintiffs' motion is denied in its entirety.

III.  Conclusion

For the reasons stated herein, plaintiffs' motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is denied in its entirety. The Clerk of the Court shall serve notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* plaintiffs at their last known address. Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.                               s/ Sandra J. Feuerstein
                                          _____
                                          SANDRA J. FEUERSTEIN
                                          United States District Judge

Dated: September 28, 2012
       Central Islip, N.Y.

11