UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN MANNEY and JOSEPH LEONARDO,
as assignees of Bassline Digital Inc.,

                        Plaintiffs,

          - against-

INTERGROOVE MEDIA GMBH (FORMALLY [sic]
INTERGROOVE TONTRAGER VERTRIEBS GMBH,
and INTERGROOVE U.S. INC.), PETER MATTHIAS,
and EVA MATTHIAS,

                       Defendants.
-------------------------------------------------------------X

**OPINION AND ORDER**
**10 CV 4493 (SJF)(WDW)**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   MAR 24 2014   ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

       On or about July 12, 2010, plaintiffs Steven Manney and Joseph Leonardo (collectively, "plaintiffs"), as assignees of Bassline Digital Inc. ("Bassline"), commenced an action in the Supreme Court of the State of New York, County of Nassau against defendant Intergroove Media GMBH (formally [sic] Intergroove Tontrager Vertriebs GMBH and Intergroove U.S., Inc.) ("Intergroove"), and defendants Peter Matthias and Eva Matthias (collectively, "the Matthias defendants"), alleging claims for breach of contract; work, labor and services rendered; implied contract; unjust enrichment; and fraud in the inducement. On October 1, 2010, Intergroove filed a notice of removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, removing the action to this Court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. Thereafter, plaintiffs timely moved pursuant to 28 U.S.C. § 1447(c) to remand this matter to the state court; the Matthias defendants moved to dismiss the action against them, *inter alia*, based upon plaintiffs' lack of legal capacity to sue or, in the alternative, for failure to state a cause of action; and

Intergroove separately moved to dismiss this action, *inter alia*, based upon plaintiffs' lack of legal capacity to sue or, in the alternative, upon the ground of *forum non conveniens*. By order dated November 30, 2011, the branches of defendants' respective motions seeking dismissal of this action based upon plaintiffs' lack of legal capacity to sue were granted, the action was dismissed in its entirety without prejudice, the motions were otherwise denied as moot and plaintiffs' motion for a remand was also denied as moot. Judgment was entered against plaintiffs on December 6, 2011. Plaintiffs did not appeal the final judgment in this action.

Thereafter, plaintiffs moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate the judgment against them and for reconsideration of the November 30, 2011 order.[1] By opinion and order dated September 28, 2012, plaintiffs' for reconsideration was denied. Plaintiffs did not appeal the September 28, 2012 order.

On March 4, 2013, more than five (5) months after plaintiffs' first motion for reconsideration was denied, and almost fifteen (15) months after judgment was entered against plaintiffs in this case, plaintiffs filed the instant motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking reconsideration of the September 28, 2012 order denying their motion for reconsideration of the November 30, 2011 order and final judgment. For the reasons set forth below, plaintiffs' motion is denied.

---

[1] Since plaintiffs' motion for reconsideration was not timely filed in accordance with Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, it was treated as a Rule 60(b) motion. See Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010).

2

I. Discussion

Plaintiffs contend, *inter alia*: (1) that the September 28, 2012 order is "in violation of Delaware State Law and New York State Law," (Affidavit of Joseph Leonardo in Support of the March 4, 2013 Filed Rule 60 Motion ["Leonardo Aff."], at 2), and is unconstitutional; (2) that there is new evidence that could not be obtained prior to the September 28, 2012 order, i.e., an October 2012 New York State good standing certificate, a March 18, 2013 Delaware State good standing certificate, the February 12, 2013 discovery that Intergroove U.S. was "additionally operating alongside its parent company in New York State at E-One Entertainment," (Leonardo Aff. at 12), and the pendency of an "October 10, 2012 related NYS Court action 12-012847 * * * demonstrat[ing] the Plaintiff(s) unencumbered ability to maintain a related action carried by the assignees as individuals," (Leonardo Aff. at 13); and (3) that the Court failed to entertain new evidence submitted upon their first motion for reconsideration.

Rule 60(b) provides, in relevant part, that:

> "the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud * * *, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Initially, having failed to appeal the November 30, 2011 order dismissing this action, the final judgment against them and the September 28, 2012 order denying their Rule 60(b) motion seeking reconsideration of the November 30, 2011 order and final judgment, plaintiffs have "waived the right to challenge th[o]se orders [and judgment]." Malley v. City of New York, 91

3

Fed. Appx. 182, 184 (2d Cir. Mar. 2, 2004) (summary order) (affirming the denial of the plaintiff's second amended Rule 60(b) motion, because, having failed to appeal the initial order expanding the injunction against him, and having failed to appeal the subsequent order denying his first Rule 60(b) motion, the plaintiff waived the right to challenge those orders). "[A] litigant who fails to appeal an initial Rule 60(b) motion and then raises a new Rule 60(b) motion, may be held to have 'waived his right' to file the later motion * * *." Id.; see also Selletti v. Carey, 177 F.R.D. 189, 192 (S.D.N.Y. 1998), appeal dismissed as moot 173 F.3d 104, 113 (2d Cir. 1999) ("A trial court's ruling on a Rule 60(b) motion is appealable and 'a party who is aggrieved by an adverse ruling on a Rule 60(b) motion must appeal it or waive any complaints about the ruling.'" (quoting 12 James W. Moore, et al., Federal Practice § 60.69 (3d ed. 1997) (quoted in Beller & Keller v. Tyler, 120 F.3d 21, 24 (2d Cir. 1997)))). "[A] Rule 60(b) motion may not be used to circumvent the time limits for appeal." Selletti, 177 F.R.D. at 192; see also Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) ("In no circumstances, * * *, may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in a timely fashion."); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (holding that a Rule 60(b) motion "may not be used as a substitute for a timely appeal.") Accordingly, plaintiffs may only challenge the bases for the denial of their original Rule 60(b) motion, not the merits of the underlying judgment or the November 30, 2011 order. Thus, the branch of plaintiffs' motion seek "further relief" from the November 30, 2011 order and final judgment is denied.

"The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court * * *." Stevens, 676 F.3d at 67 (internal quotations and citation omitted). "Rule 60(b) provides a mechanism for extraordinary judicial relief available only if the

4

moving party demonstrates exceptional circumstances," Motorola Credit Corp. v. Uzan, 561 F.3d 123, 126 (2d Cir. 2009) (quotations, alterations and citations omitted); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008); Employers Mut. Cas. Co. v. Key Pharmaceuticals, 75 F.3d 815, 824-25 (2d Cir. 1996), and, as such, "[r]elief under Rule 60(b) is generally not favored * * *." Insurance Company of North America v. Public Service Mutual Insurance Company, 609 F.3d 122, 131 (2d Cir. 2010) (quotations and citation omitted); see also Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004).

In order to be entitled to relief under Rule 60(b), the evidence in support of the motion must be "highly convincing," the moving party must "show good cause for the failure to act sooner," and there must not be any "undue hardship * * * imposed on other parties." Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987); see also Feldman Law Group P.C. v. Liberty Mut. Ins. Co., 819 F. Supp. 2d 247, 266-67 (S.D.N.Y. 2011), aff'd, 476 Fed. Appx. 913 (2d Cir. Apr. 18, 2012). The burden of demonstrating entitlement to relief under Rule 60(b) is on the moving party, see Marrero Pichardo, 374 F.3d at 55; United States v. International Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001), and "[t]he strict evidentiary requirements [of Rule 60(b)] apply as well to *pro se* litigants." Jedrejcic v. Croatian Olympic Committee, 190 F.R.D. 60, 77 (E.D.N.Y. 1999); see also Williams v. New York City Department of Corrections, 219 F.R.D. 78, 84 (S.D.N.Y. 2003) ("[P]ro se litigants are not excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion." (quotations, alterations and citations omitted)).

A.  Rule 12(b)(1)

Although plaintiffs do not specifically seek relief pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, Rule 60(b)(1) is the vehicle for correcting claimed legal errors by the court. See United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009); In re 310 Associates, 346 F.3d 31, 35 (2d Cir. 2003). Thus, plaintiffs' claims that the September 28, 2012 order is unconstitutional and in violation of both New York and Delaware state law must be construed as seeking relief under Rule 60(b)(1).[2]

A motion seeking relief under Rule 60(b)(1) is not permitted "past the deadline for filing a notice of appeal * * *." In re 310 Associates, 346 F.3d at 35; see also Colucci v. Beth Israel Medical Center, 531 Fed. Appx. 118, 120 n. 3 (2d Cir. Aug. 27, 2013) (summary order); International Controls Corp. v. Vesco, 556 F.2d 665, 670 (2d Cir. 1977). "One of the reasons for not permitting Rule 60(b)(1) motions to correct court errors after the deadline for appeal is to prevent the rule from becoming a vehicle to assert an otherwise time-barred appeal." Niederland v. Chase, 425 Fed. Appx. 10, 12-13 (2d Cir. May 25, 2011).

Since the time within which plaintiffs had to file a notice of appeal of the September 28, 2012 order expired before plaintiffs filed the instant motion, see Fed. R. App. P. 4(a) (providing that in civil cases, the notice of appeal must be filed within thirty (30) days after entry of the judgment or order appealed from); 28 U.S.C. § 2107(a) (same), relief under Rule 60(b)(1) to correct the purported legal errors by this Court in that order is unavailable. Accordingly, so much of plaintiffs' motion as challenges purported legal errors committed by this Court in the

---

[2] Plaintiffs seek relief based upon the purported legal errors by the Court in the September 28, 2012 order under Rule 60(b)(4) of the Federal Rules of Civil Procedure. However, for the reasons set forth below, that provision is inapplicable to plaintiffs' legal error claims.

6

September 28, 2012 order is denied. See, e.g. Colucci, 531 Fed. Appx. at 120 n. 3 (indicating that the plaintiff's Rule 60(b)(1) motion was "also time barred once the time that would be permitted for an appeal of the judgment being challenged has expired.")

B. Rule 60(b)(2)

"Rule 60(b)(2) provides relief when a movant presents newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]," Insurance Company of North America, 609 F.3d at 130-31; see also State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 178 (2d Cir. 2004) ("To prevail on a motion for relief pursuant to Rule 60(b)(2), a movant must demonstrate that he was justifiably ignorant of the newly discovered evidence despite due diligence."), and "that is relevant to the merits of the litigation." Boule v. Hutton, 328 F.3d 84, 95 (2d Cir. 2003). "In order to succeed on a motion pursuant to Rule 60(b)(2), the movant must present evidence that is truly newly discovered or could not have been found by due diligence." Insurance Company of North America, 609 F.3d at 131 (quotations, alterations and citations omitted). Thus, in order to succeed on a motion pursuant to Rule 60(b)(2), the movant must show:

> "(1) the newly discovered evidence *was of facts that existed at the time of trial or other dispositive proceeding*; (2) the movant must have been justifiably ignorant of them despite due diligence; (3) the evidence must be admissible and of such importance that it probably would have changed the outcome; [and] (4) the evidence must not be merely cumulative or impeaching."

International Brotherhood of Teamsters, 247 F.3d at 392) (emphasis added); see also Lorusso v. Borer, 260 Fed. Appx 355, 357 (2d Cir. Jan. 15, 2008) (summary order) (accord). The standard under Rule 60(b)(2) is "onerous." Reese v. McGraw-Hill Companies, Inc., 293 F.R.D. 617, 622

7

(S.D.N.Y. 2013) (quoting International Brotherhood of Teamsters, 247 F.3d at 392); see also Breslow v. Schlesinger, 284 F.R.D. 78, 83 (E.D.N.Y. 2012); Mikol v. Barnhart, 554 F. Supp. 2d 498, 501 (S.D.N.Y. 2008).

All of the new evidence presented by plaintiffs on this motion that they did not present on their original 60(b) motion, i.e., the October 2012 New York State certificate of good standing, the March 18, 2013 Delaware State certificate of good standing, the February 2013 memorandum and the October 10, 2012 state court action, (Leonardo Aff. at 12-13), did not exist at the time of either their first Rule 60(b) motion or the dispositive motions. Accordingly, the branch of plaintiffs' motion seeking reconsideration of the September 28, 2012 order pursuant to Rule 60(b)(2) of the Federal Rules of Civil Procedure is denied.

C.  Rule 60(b)(3)

Plaintiffs conclusorily contend that they are entitled to relief under Rule 60(b)(3) of the Federal Rules of Civil Procedure due to: (1) fraud upon the Court; (2) "[c]over up of diversity in this matter between defendants[;] (3) [p]erjured declarations by all of the defendants in this matter[;] (4) [e]thical misconduct by undersigned counsel[;] (5) [u]ndersigned legal counsel acting as a witness in parallel foreign action[;] [and] (6) [w]ithheld and concealed evidence." (Leonardo Aff. at 13).

"[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. New York University, 865 F.2d 478, 484-85 (2d Cir. 1989); see also Schlafman v. State University of New York, Farmingdale, 541 Fed. Appx. 91, 93 (2d Cir. Oct. 21, 2013) (summary

8

order); <u>Entral Group International, LLC v. 7 Day Café & Bar</u>, 298 Fed. Appx. 43, 44 (2d Cir. Oct. 28, 2008) (summary order). Plaintiffs have submitted no such clear and convincing evidence of defendants' or defense counsels' purported fraud.

Moreover, "[t]o prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." <u>State Street Bank</u>, 374 F.3d at 176 (quotations and citation omitted); <u>Entral Group</u>, 298 Fed. Appx. at 44. Plaintiffs have not demonstrated that the aforementioned purported fraud by defendants and/or defense counsel in any way affected their ability to fully and fairly seek reconsideration of the November 30, 2011 order and final judgment in this action upon their first Rule 60(b) motion. Accordingly, the branch of plaintiffs' motion seeking reconsideration of the September 28, 2012 order pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure is denied.

D. Rule 60(b)(4)

Plaintiffs contend that they are entitled to relief pursuant to Rule 60(b)(4) because: (1) "[t]he judgment is unconstitutional[,] * * * unenforceable" and "not lawful" under both New York and Delaware state law, (Leonardo Aff. at 13); (2) this Court lacks subject matter jurisdiction because of the "Non Diversity of Citizenship of Intergroove U.S.[,]" (id.); and (3) "Plaintiff [sic] has had uninterrupted capacity to maintain the action, and has tendered proof to this Court herein." (Id.)

"[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260, 270, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010). "The list of such infirmities is

9

exceedingly short * * *." Id. "A judgment is not void * * * simply because it is or may have been erroneous." Id. (quotations and citation omitted). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271, 130 S. Ct. 1367; see also City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.")

With the exception of their claim that the appearance of Intergroove U.S. in this case divests this Court of subject matter jurisdiction, the legal errors claimed by plaintiffs do not implicate this Court's subject matter or personal jurisdiction and plaintiffs do not assert a due process violation. Moreover, plaintiffs have not demonstrated that this Court lacked subject matter jurisdiction over this action at the time that the September 28, 2012 order was entered. Accordingly, the branch of plaintiffs' motion seeking reconsideration of the September 28, 2012 order pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure is denied.

E. Rule 60(b)(5)

Plaintiffs contend that they are entitled to relief until Rule 60(b)(5) of the Federal Rules of Civil Procedure because: (1) "[t]he Judgment is satisfied," (Leonardo Aff. at 14) (emphasis omitted), since "[t]he issue of capacity has been clarified," (id.); and (2) "[p]rospectively, the non-final order and Judgment has been effectively reversed, vacated, and no longer equitable in any form of possibility," (id.)

10

Plaintiffs' contentions that the judgment is satisfied, or has been reversed or vacated, are clearly without merit. To the extent plaintiffs contend that applying the judgment "prospectively is no longer equitable," Fed. R. Civ. P. 60(b)(5), that contention is also without merit.

"Federal Rule Civil Procedure 60(b)(5) permits a party to obtain relief from a judgment or order if, among other things, applying the judgment or order prospectively is no longer equitable." Horne v. Flores, 557 U.S. 433, 447, 129 S. Ct. 2579, 174 L. Ed. 2d 406 (2009) (brackets, quotations and citation omitted); see also Lee v. Marvel Enterprises, Inc., 765 F. Supp. 2d 440, 451 (S.D.N.Y. 2011), aff'd, 471 Fed. Appx. 14 (2d Cir. Mar. 21, 2012) ("A party may move for relief pursuant to Rule 60(b)(5) if changed circumstances make it no longer equitable that the judgment should have prospective application.") Rule 60(b)(5) is "based on the historic equitable power of the court to modify its decree in light of changed circumstances," In re Joint Eastern and Southern Districts Asbestos Litigation ("Asbestos Litigation"), 237 F. Supp. 2d 297, 316 (E.D.N.Y. 2002), and "properly applies only to judgments with prospective effect." Ryan v. U.S. Lines Co., 303 F.2d 430, 434 (2d Cir. 1962); see also Asbestos Litigation, 237 F. Supp. 2d at 316 ("Power to grant relief from a judgment is not limited to injunctive relief, or to relief that would have been granted in the courts of equity, but applies to any judgment with prospective effect.")

"[T]he standard to be applied in determining whether an order or judgment has prospective application within the meaning of Rule 60(b)(5) is whether it is 'executory' or involves 'the supervision of changing conduct or conditions' * * *." DeWeerth v. Baldinger, 38 F.3d 1266, 1275 (2d Cir. 1994). Clearly, a judgment dismissing the action without prejudice, and a subsequent order denying reconsideration of such judgment, do not have "prospective

11

application" within the meaning of Rule 60(b)(5). See, e.g. Saunders v. Goord, No. 98 Civ. 8501, 2007 WL 1434974, at * 2 (S.D.N.Y. May 15, 2007) ("In this case, the judgment simply dismissed the action without prejudice and did not have 'prospective application.'") Accordingly, the branch of plaintiffs' motion seeking reconsideration of the September 28, 2012 order pursuant to Rule 60(b)(5) of the Federal Rules of Civil Procedure is denied.[3]

F. Rule 60(b)(6)

Plaintiffs also seek relief under the catch-all provision of Rule 60(b)(6) of the Federal Rules of Civil Procedure, claiming, *inter alia*, that their "conduct in the matter falls squarely into the arena of mistake and negligence" and that the Court "consider it excusable neglect, inadvertence and other applicable terms * * *," (Leonardo Aff. at 15); that "extraordinary circumstances" are present because defendants "have commenced an action in Germany" against them, (id. at 16); and that the September 28, 2012 order "must be augmented to preserve justice and adhere to the applicable laws," (id. at 17).

Rule 60(b)(6) "is a 'grand reservoir of equitable power to do justice in a particular case[,]' * * * [b]ut that reservoir is not bottomless." Stevens, 676 F.3d at 67 (quoting Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir. 1986)); see also Motorola Credit, 561 F.3d at 126 ("The discretionary relief available under Rule 60(b) is equitable.") A party seeking to avail itself of

---

[3] In any event, equitable relief is not warranted here because, *inter alia*, although the final judgment dismissed this action, the dismissal was without prejudice and plaintiffs commenced a new action against defendants on October 10, 2012, which is currently pending in the Supreme Court of the State of New York, County of Nassau. (See Order granting plaintiffs' motion to remand in Manney v. Intergroove Media GMBH, Doc. No. 13-cv-0053 (E.D.N.Y. Aug. 19, 2013)).

12

the relief under Rule 60(b)(6) must "demonstrate that extraordinary circumstances warrant relief." Stevens, 676 F.3d at 67 (internal quotations and citations omitted); see also In re Terrorist Attacks on September 11, 2001, 741 F.3d 353, 356 (2d Cir. 2013) (accord); United Airlines, 588 F.3d at 175 (holding that relief under Rule 60(b)(6) "is warranted where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship * * *.")

"[A] claim that the decision was wrong * * * [is] not sufficiently extraordinary" to warrant relief under Rule 60(b)(6). United Airlines, 588 F.3d at 177; see also Green v. Phillips, 374 Fed. Appx. 86, 88-9 (2d Cir. Mar. 25, 2010) ("Mere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship."); Wagner v. United States, 316 F.2d 871, 872 (2d Cir. 1963) (holding that Rule 60(b)(6) "cannot be read to encompass a claim of error for which appeal is the proper remedy.") Moreover, Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply * * *." ISC Holding AG v. Nobel Biocare Finance AG, 688 F.3d 98, 109 (2d Cir. 2012); see also Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) ("Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)."); PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 898 (2d Cir. 1983) ("Rule 60(b)(6) * * * is applicable only where the more specific provisions [of Rule 60] do not apply.") "Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." Stevens, 676 F.3d at 67-68; see also Warren, 219 F.3d at 115 ("Because 'excusable neglect' is a ground for relief under Rule 60(b)(1), it cannot be considered under Rule 60(b)(6).")

13

Since plaintiffs' arguments pertaining to their mistake, inadvertence and neglect and this Court's purported legal errors fall squarely within the ambit of Rule 60(b)(1), relief under Rule 60(b)(6) is foreclosed. Moreover, as indicated above, plaintiffs have not demonstrated any extraordinary circumstances justifying the grant of equitable relief, nor that the failure to grant them relief would work an extreme hardship upon them, particularly since they are currently prosecuting an action against the same defendants in state court. Accordingly, the branch of plaintiffs' motion seeking reconsideration of the September 28, 2012 order pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure is denied.[4]

III. Conclusion

For the reasons stated herein, plaintiffs' motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking reconsideration of the September 28, 2012 order is denied in its entirety. The Clerk of the Court shall serve notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure.

SO ORDERED.

s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 24, 2014
       Central Islip, N.Y.

---

[4] In light of this determination, all requests by any party to this action for any other relief in this action are denied as moot.